# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ZAKKERY A. HAMILTON,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-677-Orl-28DAB**

**EMBARQ MANAGEMENT COMPANY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 45)**
>
> **FILED:** December 7, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the representations of counsel, Plaintiff was employed by Defendant as a sales person from 1999 through 2007. The parties disputed the amount of Plaintiff's overtime, with Plaintiff seeking approximately $10,920 for alleged unpaid overtime compensation. Doc. No. 11-2. Defendant obtained a partial summary judgment on the statute of limitations issue, which cut Plaintiff's claim for twenty-six months of overtime in half. Doc. No. 45. The settlement to Plaintiff of $4,500 in unpaid wages liquidated damages and (and for a general release of claims) represents approximately forty percent of the original disputed principal amount Plaintiff sought, but approximately the full amount Plaintiff was entitled to seek after the summary judgment ruling. Doc. No. 39 (effectively limiting Plaintiff's claim to two years before filing in April 2008, or April 2006 through 2007).

The parties have agreed that Defendant will pay Plaintiff's attorneys $6,300 in attorney's fees and costs. Plaintiff's counsel litigated the case on behalf of Plaintiff from April to November 2008. Plaintiff's attorneys have filed documentation supporting a claim of $8,771.50 in attorney's fees and $1,373.40 in reimbursable costs for the filing fee, service of process, deposition, and mediation fees; counsel has compromised on attorney's fees by approximately $4,000. Plaintiff's attorney, Mr. Pantas, accrued 26.2 attorney hours at an hourly rate of $300 and 10.3 paralegal hours at rates of $105 and $95 per hour. Counsel's hours include time spent at Plaintiff's deposition, mediation, and responding to Defendant's motion for partial summary judgment. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $4,500 to Plaintiff for unpaid wages and liquidated damages and as well as a general release, and $6,300 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 14, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record
Courtroom Deputy